WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Galen Lloyd Houser,<br><br>                Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>                Defendants. | No. CV-13-00200-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. 37), United States Magistrate Judge James E. Metcalf's Report and Recommendation ("R&R") (Doc. 38) issued in accordance with 28 U.S.C. § 1915A(a), and Plaintiff's Motions for Relief (Doc. 34; Doc. 54) and to Compel Constitutionally Adequate Healthcare (Doc. 45). Plaintiff filed timely objections to Judge Metcalf's recommendation that Counts I, II, and III of the Amended Complaint be dismissed. (Doc. 41.) Because objections have been filed, the Court will review those Counts of the petition *de novo*. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R&R in its entirety.

## BACKGROUND

Plaintiff Galen Lloyd Houser is confined in the Arizona Department of Corrections ("ADOC") Complex in Florence, Arizona. In his initial Complaint, Plaintiff alleged ten counts regarding the denial of constitutionally adequate medical care and retaliation for reporting the denial of medical care. (Doc. 8.) He named as Defendants

1 ADOC Director Charles L. Ryan, Wexford Health Sources, Inc. ("Wexford"), Corizon
2 Health, Inc. ("Corizon"), Statewide Medical Director Dr. Tom Bell, Statewide Nursing
3 Director Caron Grant-Ellis, and John and Jane Does A-Z, whom Houser identified as
4 employees of ADOC, Wexford, and Corizon. (Doc. 8.) After screening, the Court
5 declined to direct service to the fictitiously named defendants and dismissed a number of
6 Houser's parties and claims. (Doc. 25.)

7 Houser's First Amended Complaint (Doc. 37) alleges ten counts regarding the
8 denial of medical care, one count alleging a violation of the Americans with Disabilities
9 Act, and three counts of retaliation. Houser names as Defendants ADOC Director Ryan, a
10 number of particular ADOC employees, corporations Wexford and Corizon, a number of
11 their employees, and Jane Doe Night Nurses. (*Id.*) In his R&R, Judge Metcalf
12 recommends the dismissal of Counts I, II, III, XI, XII, XIII, and XIV of Houser's First
13 Amended Complaint, the dismissal of Counts IX and X as they relate to particular
14 defendants, the dismissal of a number of the individual defendants, and that the
15 remaining defendants be directed to file answers regarding Houser's remaining claims.
16 (Doc. 38.) Houser filed timely objections to Judge Metcalf's recommendation for the
17 dismissal of Counts I, II, and III. (Doc. 41.) The Court accepts the remainder of Judge
18 Metcalf's R&R, and will consider each of Houser's objections.

19 **DISCUSSION**

20 **I.    Counts I and II**

21 In Count I, Plaintiff alleges that Defendant Ryan violated Plaintiff's Eighth
22 Amendment rights as Ryan was personally aware of the denial of medical treatment for
23 Plaintiff's chronic medical issues and he failed to provide Plaintiff with necessary
24 treatment. (Doc. 37 at 3.) In Count II, Plaintiff alleges that Defendant Ryan was
25 deliberately indifferent to the deficiencies in the ADOC health care system, also in
26 violation of the Eighth Amendment, and that he failed to cure these deficiencies despite
27 his awareness of the risk to Plaintiff. (Doc. 27-1 at 2.)

28 After screening his initial Complaint, the Court dismissed these counts because

1 Plaintiff had failed to demonstrate both that Ryan knew of Plaintiff's medical
2 circumstances and that the failure to respond would likely result in excessive risk to
3 Plaintiff. Judge Metcalf noted that Plaintiff cured the first of these deficiencies in his First
4 Amended Complaint by including allegations that he made Ryan aware of his
5 circumstances through various communications (Doc. 37 at 3–4), but that Plaintiff's First
6 Amendment Complaint continues to lack sufficient allegations that Ryan knew that the
7 failure to respond would likely result in excessive risk to Plaintiff. In his objection to the
8 dismissal of these two counts, Plaintiff cites a letter from Ryan ordering Wexford to
9 "ensure that every future grievance, including any medication issues, is reviewed,
10 investigated and responded to appropriately and timely to prevent delay in care and
11 negative outcomes." (Doc. 41 at 2.)

12 However, this citation, without further evidence, only demonstrates that Ryan was
13 aware that negative outcomes may arise when Wexford fails to respond to patient
14 concerns. The letter does not demonstrate that Ryan was actually aware of the risk to
15 Plaintiff caused by the denial of his particular treatment needs. This portion of the R&R
16 is accepted.

17 **II.  Count III**

18 In this Count, Plaintiff alleges that various officials conspired to retaliate against
19 him and did retaliate against him, in violation of his First Amendment rights. (Doc. 37 at
20 7.) First, Plaintiff alleges that Defendant Fulton retaliated against him by failing to
21 document missing pills and by conspiring with Nurse Lahr to seize the evidence of the
22 pills. (*Id.* at 7–8.) Second, Plaintiff alleges that Defendant Eccles told him she would
23 submit his grievance against Defendant Fulton, but instead conspired to conceal
24 Defendants Fulton and Lahr's retaliation against him by submitting his retaliation
25 complaint as a medical grievance. (*Id.* at 8–9.) Additionally, Plaintiff alleges that
26 Defendant Log and Defendant Ryan's office were also somehow involved in this alleged
27 retaliation and that Defendant Ryan was aware of this retaliation. (*Id.* at 9.)

28 As described in the R&R, Plaintiff has failed to establish the elements of a

retaliation claim. (Doc. 38 at 7.) Plaintiff objects to what he alleges is the R&R's mischaracterization of his retaliation claims. However, Plaintiff's objection fails to demonstrate that his claims meet the required elements. For example, as detailed in the R&R, Plaintiff does not address how Defendant Fulton's conduct created an actual chilling effect, how he can demonstrate that Defendants Fulton and Lahr participated in any joint action, or how Defendant Eccles' alleged failure to correctly file Plaintiff's complaint was "because of" his actions. Thus, this portion of the R&R is accepted. Therefore,

**IT IS ORDERED:**

(1) That Judge Metcalf's R&R (Doc. 38) is **accepted**.

(2) That the following portions of Plaintiff's First Amended Complaint are **dismissed** for failure to state a claim upon which relief may be granted: (1) Counts I, II, III, XI, XII, XIII, and XIV; (2) those portions of Count IX related to Defendant Sestiaga; and (3) those portions of Counts X related to Defendants Bradfield, Log, and Eccles.

(3) That Defendants Ryan, Pratt, Gross, Mussen, Log, Eccles, Fulton, Sestiaga, Bradfield, Nutter, and Corizon Health, Inc. be **dismissed**.

(4) That an answer be required as follows: (1) from Defendant Wexford Health Services, Inc. as to Count IV; (2) from Defendant Lahr as to Counts V, IX, and X; (3) from Defendant Bell as to Count VII; and (4) from Defendant Grant-Ellis as to Count VII.

(5) The Clerk of Court must send Plaintiff a service packet including this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Wexford Health Services, Lahr, Bell, and Grant-Ellis.

/ / /

/ / /

/ / /

/ / /

(6) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

> (a) personally serve copies of the Summons, Amended Complaint, Motion to Compel Constitutionally Adequate Healthcare (Doc. 45), Motions for Relief (Doc. 34; Doc. 54) and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and
>
> (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

- 5 -

service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) That Defendants shall, within twenty days from the date of such service or thirty days from the date of any acceptance of service, whichever is later, file a response to Plaintiff's Motions for Relief (Doc. 34; Doc. 54) and Motion to Compel Constitutionally Adequate Health Care (Doc. 45).

Dated this 13th day of February, 2014.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge