# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Galen Lloyd Houser,
Plaintiff
-vs-
Charles L. Ryan, et al.,
Defendants.

CV-13-0200-PHX-GMS (JFM)

**Report & Recommendation
re Dismissal of Unserved Defendants**

**Background** - In his First Amended Complaint (Doc. 37), Plaintiff named as Defendant Jane Doe Night Nurse.[1] In the service Order (Doc. 44), the Court adopted those portions of the Report and Recommendation that declined to direct service on this fictiously named defendant. (*See* Doc. 38 at 11.) Subsequently, Plaintiff undertook various unsuccessful efforts to identify this defendant. (*See* Motion for Assistance, Doc. 61; Order 3/25/14, Doc. 72.)

In an Order filed January 9, 2015 (Doc. 312), the Court observed that the deadlines for service and amendments were expired, and directed Plaintiff to show cause why Defendant Jane Doe Night Nurse should not be dismissed for failure to timely serve and failure to prosecute.

On January 16, 2015, Plaintiff responded (Doc. 316) arguing that he has been diligently attempting to identify this defendant, but has been thwarted by the failures of defendants, etc. to provide discovery responses.

On January 21, 2015, the Court denied Plaintiff's incorporated motion to amend, and directed Defendants to respond to Plaintiff's response to the order to show cause.

---

[1] The Court has periodically referred to multiple defendants named as Jane Doe Night Nurses. This flows, at least in part from a typographical error in the First Amended Complaint referencing "Jane Doe Night Nures [sic]." (Doc. 37 at 1-A.) Plaintiff's Response (Doc. 316) makes clear that he refers to a single nurse.

(Order, Doc. 317.)

On January 27, 2015, Defendants Wexford, *et al.* responded (Doc. 329) to the Court's Order and Plaintiff's Response to the Order to Show Cause. Defendants argue that based on the limited information provided by Plaintiff, the relevant nurse cannot be identified. Defendants argue there were 13 nurses on duty during the relevant time, and Plaintiff's medical records do not reveal the relevant nurse. Defendants further argue that Plaintiff's lack of diligence is reflected by his failure to request from ADOC the very records he contends Defendants should have consulted to obtain the identity, *i.e.* gate entry logs. Defendants further argue that there are no outstanding discovery requests from Plaintiff to Defendants regarding the nurse.

On February 3, 2015, Plaintiff replied (Doc. 340). Plaintiff argues that of the 13 nurses, only 3 were working on his unit, and only two of the three were female. Plaintiff argues that this nurse was "often relieved from her post by Defendant Lahr." Plaintiff complains that he was unaware of the existence of the gate entry logs until recently, but Defendants knew of them, and thus should now be permitted to pursue the log.

**Case on Referral** – This matter is before the undersigned on referral from the District Judge, and the determination of the undersigned is dispositive of some of Plaintiff's claims. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, and 28 U.S.C. §28(b)(1)(B) and (C).

**Fictitious Defendants** – In *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980), the Ninth Circuit observed that the use of fictitiously named defendants was not favored, but "where the identity of alleged defendants will not be known prior to the filing of a complaint…the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Id.* at 642.

**Failure to Prosecute** – Plaintiff has the general duty to prosecute this case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir.1978). Rule 41(b) of the Federal Rules of Civil Procedure permits a dismisaal upon

order of the Court "[f]or failure of the plaintiff to prosecute." In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.1990).

**Failure to Effect Timely Service** -   Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." Plaintiff's First Amended Complaint (Doc. 37) was filed on September 26, 2013. The Court's service Order (Doc. 55) was entered on February 13, 2014. Under the foregoing rules, service in this matter should have been completed by April 14, 2014. Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

**Application** - This case has been pending for over two years.  Plaintiff has known at least since the service Order on February 13, 2014 (Doc. 55) that he was obligated to identify and amend to name his fictitiously named defendant.   Discovery has been

3

available to Plaintiff since at least March 25, 2014. (Scheduling Order 3/25/14, Doc. 73.)

Plaintiff initially sought assistance in identifying these defendants. He sought the Court's assistance on October 7, 2013 (Doc. 42), and February 24, 2014 (Doc. 61). In response to the latter, the Court directed Defendant Wexford (the purported employer of Jane Doe Night Nurse) to provide an identity and service address. (Order 3/25/14, Doc. 72.) On April 4, 2014, Wexford responded asserting there were 13 nurses on duty, and without access to Plaintiff's records they could not identify the specific one (Doc. 78.)

Thus, not only has the Court permitted Plaintiff the opportunity for discovery, as mandated by *Gillespie*, the Court has actively attempted to assist Plaintiff in efficiently obtaining the information.

The Scheduling Order made clear to Plaintiff that motions to join or amend were due by June 23, 2014, that discovery requests were due by August 22, 2014, and that discovery motions due by September 22, 2014. Plaintiff proffers nothing to show that between the April 4, 2014 notice by Wexford and the June 23, 2014 cutoff for motions to join or amend, or even through the August 22, 2014 discovery cutoff that he propounded a single discovery request which would reveal the identity of Jane Doe Night Nurse.

Plaintiff now points to the potential of information in gate logs. He wrongly attempts to foist this duty to investigate onto Defendant Wexford. Moreover, he proffers nothing to show he was diligent in attempting to became aware of the log, when he became aware of it, and/or that he was diligent in seeking discovery of the log. Plaintiff has not timely sought to reopen discovery.

Nor does Plaintiff show any effort to seek the information by other means. Plaintiff shows no effort to get the list of 13, to depose the 13, or the 3 or the 2 nurses. Plaintiff does not indicate that he requested information on Defendant Lahr to identify Jane Doe, despite arguing that Lahr regularly relieved Jane Doe at the end of a shift.

Now, all of the deadlines in this case have expired, including the dispositive motions deadline. At this eleventh hour, and only after an order to show cause, has

Plaintiff showed renewed interest in pursuing Defendant Jane Doe Night Nurse.

Thus, the undersigned finds that Plaintiff has not been diligent in his pursuit of identifying, naming, and service Defendant Jane Doe Night Nurse. Plaintiff has not shown good cause for his failure to do so heretofore, nor good cause to be allowed to do so now, in light of the procedural posture of this case. Accordingly, Defendant Jane Doe Night Nurse should be dismissed without prejudice for failure to timely serve.

Further, the other parties will be prejudiced from this eleventh hour addition of a new defendant. Discovery will have to be reopened, pleadings reopened, and dispositive motions deadlines reopened. This will delay the resolution of the case, protract the litigation, and increase the costs to all parties. Thus, the undersigned finds prejudice from Plaintiff's failure to prosecute.

One less drastic sanction apparent to the Court would be to attempt to shift some of the costs of the protracted litigation to Plaintiff. Plaintiff has, however, appeared in this action *in forma pauperis*, suggesting that such efforts would be futile. Moreover, such sanctions would not address the inherent burdens of being embroiled in litigation for a protracted time period. The undersigned does find, however, that dismissal of Defendant Jane Doe Night Nurse without prejudice would leave Plaintiff the ability to pursue this defendant in a separate action (albeit perhaps subject to statute of limitations defenses), while avoiding the prejudice to the other Defendants from delaying this action.

Therefore, Defendant Jane Doe Night Nurse should also be dismissed without prejudice for failure to prosecute.

**IT IS THEREFORE RECOMMENDED** that Defendant Jane Doe Night Nurse be **DISMISSED WITHOUT PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules*

*of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 10, 2015

_____
James F. Metcalf
United States Magistrate Judge

13-0200r RR 15 02 09 re Unserved Defs.docx